1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   PEDRO RODRIGUEZ,                          No. 1:20-cv-00944-NONE-JLT (PC)

12                        Plaintiff,
                                               ORDER ADOPTING FINDINGS AND
13           v.                                RECOMMENDATIONS AND DISMISSING
                                               ACTION WITHOUT PREJUDICE
14   R. DIAZ, et al.,
                                               (Doc. No. 16)
15                        Defendants.

16

17          Plaintiff Pedro Rodriguez is a state prisoner proceeding *pro se* and *in forma pauperis* in

18   this civil rights action under 42 U.S.C. § 1983.  This matter was referred to a United States

19   Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20          On February 8, 2021, the assigned magistrate judge filed a screening order, finding that

21   plaintiff's complaint fails to state a claim on which relief can be granted and violates Federal Rule

22   of Civil Procedure 20.  (Doc. No. 8.)  The magistrate judge directed plaintiff to file an amended

23   complaint within 21 days.  (*Id.* at 12.)  On February 24, 2021, and April 2, 2021, the judge

24   granted plaintiff extensions of time to comply with the screening order.  (Doc. Nos. 10, 12.)

25   Nonetheless, plaintiff failed to file an amended complaint within the time provided.

26          Therefore, on May 13, 2021, the magistrate judge filed findings and recommendations,

27   recommending that this action be dismissed without prejudice for plaintiff's failure to obey court

28   orders.  (Doc. No. 16.)  The findings and recommendations were served on plaintiff and provided

1  him 14 days to file objections thereto.  (*Id.* at 2.)  On June 7, 2021, the magistrate judge granted

2  plaintiff a 30-day extension of time to file objections.  (Doc. No. 18.)  On July 7, 2021, instead of

3  filing objections, plaintiff filed another request for an extension of time to file an amended

4  complaint.  (Doc. No. 19.)  The magistrate judge issued an order denying that request for an

5  extension as moot because plaintiff's prior requests seeking the same relief had already been

6  denied and because findings and recommendations recommending dismissal were already

7  pending.  (Doc. No. 20.)[1]  Nonetheless, in an abundance of caution, the undersigned has reviewed

8  plaintiff's most recent request for an extension of time as though it contains plaintiff's objections

9  to the pending findings and recommendations.

10       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a

11  *de novo* review of this case.  Having carefully reviewed the entire file, the court finds the findings

12  and recommendations to be supported by the record and proper analysis.  The applicable

13  screening order issued on February 8, 2021.  (Doc. No. 8.)  Plaintiff was granted several

14  extensions of time to file an amended complaint in an attempt to cure the noted deficiencies and

15  was warned when his second such request was granted that he would not be given additional

16  extensions of time unless he offered a sufficient explanation for why he needed additional time to

17  file an amended complaint.  (Doc. No. 12.)  Plaintiff's May 6, 2021 (third) request for an

18  extension of time to amend his complaint failed to offer any such explanation.  (*See* Doc. No. 13.)

19  Accordingly, the magistrate judge denied that extension request.  (Doc. No. 14.)  That denial was

20  justified.  In his most recent extension of time request, plaintiff now asserts that officials at his

21  place of incarceration are "trying to harm, maim, or kill" him by, among other things, refusing to

22  give him a cane.  (Doc. No. 19.)  He indicates that he "is now falling on [his] face without [a]

23  cane" and is "confined to [his] bed without medical aid."  (*Id.*)  The court accepts this assertion as

24  true for purposes of its analysis, but nonetheless finds no reason to depart from the findings and

25

26  [1]  On July 23, 2021, plaintiff filed an interlocutory appeal from the magistrate judge's July 8, 2021 order denying plaintiff's (fourth) motion for an extension of time to file a first amended complaint.  (Doc. No. 21.)  Even assuming that appeal was properly taken, the undersigned concludes that it would not divest the court of jurisdiction to review the pending findings and recommendations because the appealed order (issued July 8, 2021) post-dates the findings and recommendations to dismiss (issued May 13, 2021).  Put another way, the findings and recommendations under review predate and therefore in no way rely on the July 8, 2021 order.

27

28

2

recommendations.  Crucially, no such medical impediment was ever mentioned by plaintiff in any of his numerous prior requests for a further extension of time to file an amended complaint.  In sum, given the detailed explanations of the law provided by the magistrate judge in the screening order, nothing in the record suggests why plaintiff has been impeded in his ability to file an amended complaint for the past six months.

Accordingly,

1.  The findings and recommendations issued on May 13, 2021 (Doc. No. 16) are adopted in full;

2.  This action is dismissed without prejudice for plaintiff's failure to obey court orders; and,

3.  The Clerk of the Court is directed to assign a district judge to this action for purposes of closure and to close this case.

IT IS SO ORDERED.

Dated:   **August 24, 2021**                            _Dale A. Drozd_
                                                        UNITED STATES DISTRICT JUDGE

3